**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF CONNECTICUT**

| | |
|---|---|
| **TIMOTHY TRACEY,** ) | |
|     **Plaintiff** ) | |
| ) | |
|    v. ) | **Case No.:** |
| ) | |
| **CREDIT ACCEPTANCE** ) | **COMPLAINT AND DEMAND FOR** |
| **CORPORATION,** ) | **JURY TRIAL** |
|     **Defendant** ) | |
| ) | |

## COMPLAINT

TIMOTHY TRACEY ("Plaintiff"), by and through his attorney, ANGELA K. TROCCOLI, ESQUIRE and Kimmel & Silverman, PC., alleges the following against CREDIT ACCEPTANCE CORPORATION ("Defendant"):

### INTRODUCTION

1. Plaintiff's Complaint is based on the Telephone Consumer Protection Act ("TCPA").

### JURISDICTION AND VENUE

2. Jurisdiction of this Court arises pursuant to 28 U.S.C. § 1331. See Mims v. Arrow Fin. Services, LLC, 132 S. Ct. 740, 747, 181 L. Ed. 2d 881 (2012).

3. Defendant conducts business in the State of Connecticut and as such, personal jurisdiction is established.

4. Venue is proper pursuant to 28 U.S.C. § 1391(b)(2).

### PARTIES

5. Plaintiff is a natural person residing in Taftville, Connecticut 06380.

6. Plaintiff is a "person" as that term is defined by 47 U.S.C. § 153(39).

1

PLAINTIFF'S COMPLAINT

7. Defendant is a lender with its principal place of business located at 25505 West Twelve Mile Road, Southfield, Michigan 48034.

8. Defendant is a "person" as that term is defined by 47 U.S.C. §153(39).

9. Defendant acted through its agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives, and insurers.

**FACTUAL ALLEGATIONS**

10. Plaintiff has a cellular telephone number that he has had for more than one year.

11. Plaintiff has only used this number as a cellular telephone number.

12. The phone number has been assigned to a cellular telephone service for which Plaintiff incurs a charge for incoming calls.

13. Beginning in the summer of 2014, and continuing through January 2015, Defendant called Plaintiff on his cellular telephone on a repetitive and continuous basis.

14. During the relevant period, Defendant called Plaintiff on his cellular telephone multiple times a week.

15. When contacting Plaintiff on his cellular telephone, Defendant used an automatic telephone dialing system or automatic or pre-recorded messages.

16. Defendant's telephone calls were not made for "emergency purposes."

17. Plaintiff does not have an account with Defendant.

18. Plaintiff never provided consent for Defendant to call his cellular telephone.

19. Defendant was calling Plaintiff's cellular telephone in an attempt to speak with his deceased mother, as she had an account with Defendant.

20. In an effort to stop the calls to his cellular telephone, Plaintiff spoke with Defendant and told them to stop calling his cellular telephone.

21. By telling Defendant to stop calling him on his cellular telephone, Plaintiff revoked any consent previously given to Defendant to place telephone calls to his cellular telephone number.

22. Defendant heard and acknowledged Plaintiff's revocation of consent and demand to stop calling his cellular telephone number.

23. Despite having revoked consent to call his cellular telephone, Defendant persisted in calling Plaintiff on his cellular telephone for several months.

24. As a result, Plaintiff retained counsel in order to stop Defendant's calls to his cellular telephone.

25. On January 14, 2015, the undersigned sent written correspondence to Defendant advising that Plaintiff was represented by counsel and to cease any and call calls to his cellular telephone.  See Exhibit A, the January 14, 2015, Letter to Defendant.

26. Defendant received the cease and desist letter on January 21, 2015.  See Exhibit B, the USPS Tracking Confirmation.

27. Defendant persisted in calling Plaintiff's cellular telephone, despite having received written notification to cease calling his cellular telephone.

28. For example, Defendant contacted Plaintiff on his cellular telephone at the following dates: February 19, 2015 (twice); April 8, 2015 (twice); and April 13, 2015.

## DEFENDANT VIOLATED THE
## TELEPHONE CONSUMER PROTECTION ACT

29. Plaintiff incorporates the forgoing paragraphs as though the same were set forth at length herein.

30. Defendant initiated multiple automated telephone calls to Plaintiff's cellular telephone.

31. Defendant initiated these automated calls to Plaintiff using an automatic telephone dialing system.

32. Defendant's calls to Plaintiff were not made for emergency purposes.

33. Defendant did not have Plaintiff's prior express consent to call his cellular telephone.

34. Defendant's calls to Plaintiff, in and after the summer of 2014, were not made with Plaintiff's prior express consent.

35. Defendant's acts as described above were done with malicious, intentional, willful, reckless, wanton and negligent disregard for Plaintiff's rights under the law and with the purpose of harassing Plaintiff.

36. The acts and/or omissions of Defendant were done unfairly, unlawfully, intentionally, deceptively and fraudulently and absent bona fide error, lawful right, legal defense, legal justification or legal excuse.

37. As a result of the above violations of the TCPA, Plaintiff has suffered the losses and damages as set forth above entitling Plaintiff to an award of statutory, actual and trebles damages.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff, TIMOTHY TRACEY, respectfully prays for a judgment as follows:

    a. All actual damages suffered pursuant to 47 U.S.C. § 227(b)(3)(A);

    b. Statutory damages of $500.00 per violative telephone call pursuant to 47 U.S.C. § 227(b)(3)(B);

      c.      Treble damages of $1,500 per violative telephone call pursuant to 47 U.S.C. §227(b)(3);

      d.      Injunctive relief pursuant to 47 U.S.C. § 227(b)(3);

      e.      Any other relief deemed appropriate by this Honorable Court.

## DEMAND FOR JURY TRIAL

PLEASE TAKE NOTICE that Plaintiff, TIMOTHY TRACEY, demands a jury trial in this case.

RESPECTFULLY SUBMITTED,

TIMOTHY TRACEY
By his Attorney,

*/s/ Angela K. Troccoli*
Angela K. Troccoli, Esquire, Id# ct28597
Kimmel & Silverman, PC
*The New England Office*
136 Main Street, Suite 301
Danielson, CT 06239
(860) 866-4380- direct dial
(860) 263-0919- facsimile
atroccoli@creditlaw.com

Dated: June 25, 2015